J-A22025-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                            :             PENNSYLVANIA
              Appellee           :
                                              :
          v.                   :
                                              :
NAEEM J. GRAY,                   :
                                              :
            Appellant        :       No. 2591 EDA 2018

Appeal from the Order Entered August 21, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004210-2013

BEFORE:  MURRAY, J., STRASSBURGER, J.* and PELLEGRINI, J.*

MEMORANDUM BY STRASSBURGER, J.:       **FILED SEPTEMBER 06, 2019**

Naeem J. Gray (Appellant) appeals from the August 21, 2018 order

dismissing his petition filed pursuant to the Post Conviction Relief Act

(PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

The PCRA court provided the following procedural history.[1]

> On March 2, 2013, [Appellant] was arrested and charged
> with robbery, burglary, criminal conspiracy to commit robbery
> and burglary, two violations of the Uniform Firearms Act
> (VUFA)[], possession of an instrument of crime (PIC), and
> knowing and intentional possession of a controlled substance[].
> On December 12, 2013, a jury found [Appellant] guilty of all
> charges.  On April 11, 2014, th[e trial] court sentenced
> [Appellant] to an aggregate term of 12 to 24 years [of] state
> incarceration plus 5 years [of] reporting probation.  On April 21,
> 2014, [Appellant] filed a motion for reconsideration, which was

---

[1] A prior panel of this Court detailed the underlying facts of this case.  **See
Commonwealth v. Gray**, 145 A.3d 790 (Pa. Super. 2016) (unpublished
memorandum at 1-4).  Given our disposition, we need not recount them
here.

* Retired Senior Judge assigned to the Superior Court.

denied by operation of law on August 20, 2014. On September 22, 2014, [Appellant] filed a notice of appeal to the Superior Court. On April 25, 2016, the Superior Court affirmed [Appellant's] judgment of sentence.

On December 30, 2016, [Appellant] filed a *pro se* PCRA petition, claiming ineffective assistance of counsel for failure to view the surveillance video with him in advance of trial so that he could have produced an alibi witness. On April 18, 2017, John Cotter, Esquire[,] was appointed as PCRA counsel. On September 15, 2017, [Attorney] Cotter filed an amended petition, claiming that trial counsel was ineffective for failing to call [Appellant] as a witness at trial and failing to call an alibi witness.

PCRA Court Opinion, 11/26/2018, at 1-2 (unnecessary capitalization omitted).

Relevant to this appeal, Appellant claimed in his amended PCRA petition that he was entitled to relief due to counsel's unreasonable advice not to testify. Amended PCRA Petition, 9/15/2017, at ¶ 4(a) ("The advice that counsel gave to [Appellant] as to why he should not testify was so unreasonable that it vitiated [Appellant's] knowing and intelligent decision not to testify on his own.").

On July 17, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and on August 21, 2018, the PCRA court dismissed Appellant's PCRA petition as meritless.

This timely-filed notice of appeal followed.[2]   On appeal, Appellant claims the PCRA court erred in denying without a hearing his claim that trial counsel was ineffective for "vitiating [Appellant's c]onstitutional right to testify in his own defense at trial[.]"  Appellant's Brief at 2.

We begin with our standard of review.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level.  Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.  Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

"To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted).  "A failure to satisfy any prong of the ineffectiveness test requires

---

[2] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed.  The PCRA court filed a Pa.R.A.P. 1925(a) opinion.

rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009).

> Claims alleging ineffectiveness of counsel premised on allegations that trial counsel's actions interfered with an accused's right to testify require a defendant to prove either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

**Commonwealth v. Miller**, 987 A.2d 638, 660 (Pa. 2009) (citation and quotation marks omitted). However, "[a] defendant will not be afforded relief where he voluntarily waives the right to take the stand during a colloquy with the court, but later claims that he was prompted by counsel to lie or give certain answers." **Commonwealth v. Lawson**, 762 A.2d 753, 756 (Pa. Super. 2000).

> Finally, with respect to PCRA evidentiary hearings,

> [i]t is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Hanible**, [] 30 A.3d 426, 452 ([Pa. ]2011).

**Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa. Super. 2019).

Here, the PCRA court dismissed Appellant's ineffective-assistance-of-counsel claim as undeveloped and unsupported by the facts. PCRA Court Opinion, 11/26/2018, at 4-5. Additionally, the PCRA court found this claim

also failed because Appellant knowingly, intelligently, and voluntarily waived his right to testify during his jury trial. ***Id.*** at 6-7.

Upon review, we find that the PCRA court's findings are supported by the record and are free of legal error. Critically, Appellant never elucidates counsel's allegedly unreasonable advice or how it vitiated Appellant's waiver of his right to testify. ***See Miller, supra***. As such, the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing as Appellant failed to present any issue of material fact in support of his bald claim of ineffective assistance of counsel. ***See Maddrey, supra***. Moreover, the trial court's colloquy demonstrates that Appellant knowingly, intelligently, and voluntarily waived his right to testify. ***See*** N.T., 12/12/2013, at 125-27 (Appellant affirming that he spoke with counsel about the advantages and disadvantages of testifying, that he was satisfied with counsel's representation, and that he was making the decision not to testify of his own free will). Accordingly, the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/19